**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| AMY DEE PATRICK, | § | |
| *Plaintiff* | § | |
| | § | SA-22-CV-00716-XR |
| -vs- | § | |
| | § | |
| KILOLO KIJAKAZI, | § | |
| *Defendant* | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's
Report and Recommendation in the above-numbered and styled case, filed August 18, 2023. ECF
No. 23.

### BACKGROUND

Plaintiff Amy Dee Patrick initiated this action on July 7, 2022, appealing the administrative
denial by the Social Security Administration ("SSA") of her application for Social Security
Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Title II
and Title XVI of the Social Security Act respectively, pursuant to 42 U.S.C. §§ 405(g). *See* ECF
Nos. 1, 5.

Plaintiff filed a claim for benefits on June 6, 2015, alleging disability beginning April 30,
2014. Tr. at 387–88. Following administrative-level denials, Tr. at 172–73, Plaintiff requested a
formal hearing, which was held on August 19, 2017, before Administrative Law Judge ("ALJ")
Ben Barnett. Tr. at 109–26. On October 4, 2017, ALJ Barnett determined Plaintiff was not
disabled. Tr. at 177–85.

On administrative appeal, Plaintiff was granted a rehearing and her case was to be
remanded to a different ALJ. Tr. at 192–96. Contrary to the Appeals Council's order, Plaintiff's

case was again heard by ALJ Ben Barnett resulting in a second determination that Plaintiff was not disabled. Tr. at 11–22, 128–49. The Appeals Council denied Plaintiff's request for review of ALJ Barnett's second determination. Tr. at 1.

Plaintiff then sought judicial review. On December 1, 2020, the District Court for the Western District of Texas granted the Commissioner's unopposed motion to remand Plaintiff's case for further proceedings before a new ALJ. Tr. at 1675–76. By that point, Plaintiff had filed a new application for SSI. Tr. at 1828–37. The Appeals Council remanded Plaintiff's case to a new ALJ, with instructions for the ALJ to consolidate Plaintiff's 2015 and 2020 applications. Tr. at 1678–81.

The new ALJ, Gordon Momcilovic, held a hearing on both applications on February 24, 2022, at which Plaintiff and Vocational Expert ("VE") Myrtle Johnson testified. Tr. at 1615–43. On March 9, 2022, the ALJ issued a decision finding Plaintiff not disabled. Tr. at 1541–59.

In issuing his decision, the ALJ applied the five-step sequential analysis required by SSA regulations. 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial, gainful activity since the alleged onset date of April 30, 2014. Tr. at 1544. At step two, the ALJ determined Plaintiff had three severe impairments under 20 C.F.R. §§ 404.1520(c) and 416.920(c): major depressive disorder, post-traumatic stress disorder (PTSD), and generalized anxiety disorder. Tr. at 1544. The ALJ deemed not severe the additionally identified impairments of hepatitis C, asthma, fractured clavicle, personality disorder, and opioid and marijuana dependence. Tr. at 1544–46. The ALJ also determined Plaintiff's insomnia did not constitute a medically determinable impairment. Tr. at 1546. At step three, the ALJ concluded that Plaintiff's impairments did not meet or medically equal the severity of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 415.926. Tr. at 1546–48.

Before reaching step four in the analysis, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, subject to a number of non-exertional limitations. Tr. at 1548. The ALJ found that Plaintiff retained the ability to "understand, remember, and carry out simple jobs, instructions, and work-related tasks," but she was limited to occasional interaction with supervisors, coworkers, and the public. *Id.* At step four, the ALJ determined Plaintiff could not perform past relevant work as a cashier, based upon the VE's testimony that the demands of a cashier exceeded Plaintiff's RFC. Tr. at 1558. At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC to identify jobs in the national economy that Plaintiff could perform. *Id.* During the hearing, the VE testified that a hypothetical person with Plaintiff's RFC could perform at jobs available in the national economy, including price tagger, collator operator, and addresser clerk. Tr. at 1559. During cross-examination, the VE testified that the three identified jobs required a reasoning level of 2. Tr. at 1641–42. The VE also testified that a person described in the ALJ's hypothetical with Plaintiff's RFC could not perform tasks involving detailed descriptions or instructions. Tr. at 1642.

Approximately a week before the ALJ issued his decision, Plaintiff's counsel submitted written objections to the VE's testimony, alleging a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Tr. at 1572. The ALJ's decision did not acknowledge or address Plaintiff's post-hearing objections to the VE's testimony, but stated that the VE's testimony was consistent with the information in the DOT. Tr. at 1559.

Plaintiff asserts three issues in this case: (1) that the ALJ failed to resolve conflicts within the VE's testimony and between the VE's testimony and the DOT; (2) that the ALJ failed to respond to Plaintiff's objections to the VE's testimony in accordance with the SSA's policies; and

(3) that the ALJ rejected "every single mental health professional's opinion" based on "nothing more than lay speculation." ECF No. 18 at 5–6.

The DOT and VE offered conflicting testimony as to Plaintiff's ability to do other work: the DOT level-two jobs identified by the VE require the capacity to understand detailed but uninvolved tasks and instructions, but the VE testified that someone with the same restrictions as Plaintiff could not do detailed work. The Magistrate Judge concluded that, because the ALJ had erred in failing to resolve conflict between the VE's testimony and the DOT, the record lacked substantial evidence to support the ALJ's decision that Plaintiff is not disabled at step five of the analysis. ECF No. 23 at 10 (citing *Ambriz v. Kijakazi*, No. 5:20-CV-00727-RBF, 2022 WL 855987, at *9 (W.D. Tex. Mar. 23, 2022) (finding no substantial evidence to support ALJ's step-five decision where unresolved conflict remained)). Accordingly, the Magistrate Judge recommended that the Commissioner's decision be vacated and remanded for further reconsideration. *Id.* at 11. Because the Magistrate Judge concluded that further proceedings were warranted as to the first issue, he did not reach the remaining issues.

## DISCUSSION

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was issued on August 18, 2023. ECF No. 23. No objections have been filed.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **VACATED** and this case is **REMANDED** to the Commissioner for further consideration consistent with the Magistrate Judge's Report and Recommendation. A final judgment will follow.

It is so **ORDERED**.

**SIGNED** this 21st day of September, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE