IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMY DEE PATRICK,<br>   *Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-22-CV-00716-XR |
| KILOLO KIJAKAZI,<br>   *Defendant* | §<br>§<br>§<br>§ | |

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES

On this date, the Court considered Plaintiff's Motion for Attorney's Fees filed on November 7, 2023. ECF No. 28. Because Plaintiff, as a prevailing party, is entitled to an award of fees incurred in prosecuting this action, and Defendant does not oppose an award of attorney's fees, *see* ECF No. 29, the Court **GRANTS** the motion.

Plaintiff Amy Dee Patrick initiated this action on July 7, 2022, appealing the administrative denial by the Social Security Administration ("SSA") of her application for Social Security Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act respectively, pursuant to 42 U.S.C. §§ 405(g). *See* ECF Nos. 1, 5.

On September 21, 2023, the Court adopted the Magistrate Judge's recommendation to vacate the Commissioner's final administrative decision and remand the case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). ECF No. 25. Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Plaintiff then timely requested that Defendant reimburse the attorney's fees she incurred in achieving this result. ECF No. 28. Defendant does not oppose the propriety of such an award or the amount claimed for attorney's fees. ECF No. 29.

Plaintiff has requested fees in the amount of $9,240.00. In support of the motion, Plaintiff's counsel has submitted an itemization of the hours spent representing Plaintiff in this case before the Court. *See* ECF No. 28-1.

An award of attorney's fees under 28 U.S.C. § 2412 is to be based upon the prevailing market rate for the kind and quality of the services furnished, not in excess of $125 per hour, unless the Court determines "that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks attorney's fees at an hourly rate of $220.00, based on the Consumer Price Index from the Bureau of Labor and Statistics, and the Court finds that the increase from $125 per hour is justified. *See* ECF No. 28 at 1; *Bode v. United States*, 919 F.2d 1044, 1053 n.8 (5th Cir.1990) (approving courts' use of the CPI–U in making cost-of-living adjustments). Plaintiff seeks attorney's fees for 42 of the 48.2 attorney hours that were allegedly expended on this appeal. Plaintiff has sufficiently demonstrated that the number of hours claimed for compensation is reasonable and necessary in this case. Further, Defendant does not oppose the requested amount for attorney's fees. *See* ECF No. 29.

It is therefore **ORDERED** that Plaintiff's Motion for Attorney's Fees (ECF No. 28) is **GRANTED**.

**IT IS HEREBY ORDERED** that attorney's fees and expenses in the amount of Nine Thousand One Two Hundred Forty Dollars ($9,240.00) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) are awarded to Plaintiff. *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

This award owed is payable to the Plaintiff, not directly to Plaintiff's counsel. Payment will be sent via Plaintiff's attorney at his office: David F. Chermol, Chermol & Fishman, LLC, 11450 Bustleton Avenue, Philadelphia, PA, 19116.

Defendant's payment of this award bars any and all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action. Defendant's payment of this award is without prejudice to Plaintiff's right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

It is so **ORDERED**.

**SIGNED** this 13th day of November, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE